IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WALKER D. MILLER

Civil Action No. 00-cv-02403-WDM-OES

WILLIAM H. WESSON,

    Plaintiff,

v.

THE HOPE MINING, MILLING, AND LEASING COMPANY, a Colorado corporation, et al.,

    Defendants.

**ORDER ON MOTION TO REOPEN AND MOTION TO DISMISS**

Miller, J.

This matter is before me on Plaintiff's Request for Change of Status from Administrative Closure to Active Case (ECF No. 45) and the Motion to Dismiss for Failure to Prosecute (ECF No. 47) filed by Defendant United States of America.  For the reasons that follow, I will grant Plaintiff's motion in part and will return the case to active status.  I will deny Plaintiff's request to have the case immediately sent to mediation with the Magistrate Judge.  I will deny the government's motion to dismiss.

Background

This is one of the last remaining cases from a set of fifty-one consolidated quiet title actions filed pursuant to the Exchange Act, Public Law 103-255, by which Pitkin and Eagle Counties exchanged a number of acres of patented mining claim properties for a 132-acre parcel of federal land.  In 2002, all but eight cases were administratively closed; the remaining eight cases were either litigated or settled.  According to the

government, the litigated cases (six of the eight) resulted in judgment in favor of the United States and five of these judgments were affirmed on appeal. This case was among those administratively closed. Forty-five of the original cases have been dismissed and now only this and one other case (Case No. 00-cv-2395) remain pending. Administrative closure in this case was extended to September 1, 2008.

In my order extending administrative closure, I stated: "If the parties do not file a stipulation for dismissal with prejudice or a motion to reopen this case for good cause on or before September 1, 2008, this case will be automatically dismissed without prejudice." ECF No. 30. No action was taken before that deadline but the case has not been dismissed; rather, it remained administratively closed. In early 2011, the government filed a status report (ECF No. 38), which prompted Plaintiff to thereafter file his motion to return the case to active status. The government opposes the motion and seeks dismissal for failure to prosecute. I held a status conference on June 21, 2011 and heard argument from both sides. However, since briefing on the motion to dismiss was not yet complete, I declined to rule at that time. Briefing is now complete and so I address the arguments on the merits.

## Discussion

Plaintiff moves to reopen the case and to require mediation with a Magistrate Judge, mediation to be completed no later than August 31, 2011. The motion was filed on May 18, 2011, several years after my deadline in the last order extending administrative closure. As grounds, Plaintiff argues that his case is different from the litigated cases resolved in favor of the government and similar to those that were settled. He states that he "has a chain-of-title from the owner of the property at the time

2

that Pitkin County issued itself a tax deed without notifying the owner of the property, a clear violation of due process" but provides no further explanation for his delay or good cause. The government opposes the motion, arguing that the failure of Plaintiff to timely reopen the case means that the case was automatically dismissed. In the alternative, the government argues that the Plaintiff has failed to carry his burden to show good cause for reopening. The government argues that the Plaintiff's conclusory assertion that his case is meritorious is not sufficient, particularly since the litigated cases resulted in judgment in 2006.

The United States moves to dismiss the case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. It cites *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992) and analyzes the factors as applied to this case, *i.e.*, (1) the degree of actual prejudice to the defendant from the plaintiff's conduct; (2) the amount of interference with the judicial process; (3) the culpability of the plaintiff; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction; and (5) the efficacy of lesser sanctions. The government contends that it has been prejudiced by Plaintiff's unreasonable delay, given that a decade has passed since the case was filed and there has been turnover in the agency and evidence is now stale. It further contends that Plaintiff has interfered with the judicial process by failing to adhere to deadlines regarding reopening the case or continuing closure. The government asserts that Plaintiff is entirely responsible for his own conduct and that the culpability factor therefore weighs in favor of dismissal. It notes that Plaintiff was warned that the case could be dismissed if he did not act. Finally, the government contends that there is no lesser sanction that would appropriately remedy Plaintiff's delay.

In response, Plaintiff argues that there is less prejudice to Defendant than it portrays, in that significant litigation and discovery has already occurred with the related cases. Plaintiff also notes that there have been few significant changes that would affect either side's ability to litigate since 2008, when he should have moved to reopen. Plaintiff asserts that there has been no interference with the judicial process since the case has simply been dormant. Plaintiff acknowledges some culpability for the delay but argues that this was primarily due to inadvertence, not intentional conduct. He contends that dismissal, a serious sanction, is not warranted here and that a lesser sanction would certainly suffice to remedy any harm presented. *See Meade v. Grubbs*, 841 F.2d 1512, 1520 n. 6 (10th Cir. 1988) ("Dismissal of an action with prejudice is a severe sanction, applicable only in extreme circumstances.").

I do not make any inquiry into the merits of Plaintiff's case and so have no comment on whether it is strong enough to justify reopening. I conclude that although good cause to reopen may not have been established, dismissal is not appropriate. It appears that there is some prejudice to the government resulting from Plaintiff's failure to act promptly due to the passage of time and personnel turnover at the relevant agencies. However, given the procedural posture of the case and the fact that the related cases will provide significant guidance in this litigation, I conclude that the prejudice is not so undue that it merits dismissal. I agree that there has been little interference with the judicial process; since the matter has been administrative closed it has little effect on the court's active docket or case load. Plaintiff has not justified his failure to act in this regard but I conclude that the issue appears to involve negligence, not intentional acts or misconduct. Finally, it appears that a lesser sanction would be

4

adequate to remedy any prejudice to the defendant and to ensure that Plaintiff remains engaged in this litigation going forward.  Since none has been suggested, I will not impose a sanction for Plaintiff's delay but caution that any further delays in the litigation of the case could result in dismissal.

Accordingly, it is ordered:

1. Plaintiff's Request for Change of Status from Administrative Closure to Active Case (ECF No. 45) is granted in part and denied in part.  The case shall be returned to active status from administrative closure and assigned to an active Magistrate Judge.  The motion is denied as to Plaintiff's request that I order immediate mediation with a Magistrate Judge.  The case shall proceed through the normal scheduling process and discovery.

2. The Motion to Dismiss for Failure to Prosecute (ECF No. 47) filed by Defendant United States of America is denied.

DATED at Denver, Colorado, on July 28, 2011.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge