IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 00-cv-02403-WYD-KLM

WILLIAM B. WESSON,

     Plaintiff,

v.

HOPE MINING, MILLING AND LEASING COMPANY, a Colorado corporation,
GEORGE W. PARMER, individually,
W. W. GREY, individually,
W. C. TAGERT, individually and as the last known board of directors [sic] of the Hope Mining, Milling and Leasing Company,
W. L. GRAVES, individually and as the last known board of directors [sic] of the Hope Mining, Milling and Leasing Company,
BENJ. R. KOBEY, individually and as the last known board of directors [sic] of the Hope Mining, Milling and Leasing Company, and
USA, Secretary of Agriculture, United States Forest Service,

     Defendants.

---

**ORDER SETTING
SCHEDULING/PLANNING CONFERENCE**
(as *amended* effective September 1, 2011)

---

     The above captioned case was referred to Magistrate Judge Michael E. Hegarty pursuant to the Order of Reference entered by Chief Judge Wiley Y. Daniel on August 3, 2011 [Docket No. 56]. On September 12, 2011, Magistrate Judge Hegarty recused from the matter [Docket No. 62], and the case was reassigned to Magistrate Judge Kristen L. Mix for all further proceedings [Docket No. 63]. Accordingly,

### A. Date of Scheduling Conference

     IT IS HEREBY **ORDERED** that the Scheduling Conference set for October 3, 2011, is **VACATED** and **RESET** to **October 27, 2011**, commencing at **9:30 a.m.** in Courtroom C-204, Second Floor, Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado.

### B. How to Request Different Date for Scheduling Conference

     If this date is not convenient for any counsel or *pro se* party, he or she shall file a motion to reschedule the conference to a more convenient date, and shall list dates in the motion which are available for all counsel and *pro se* parties. Absent exceptional circumstances, no request for

rescheduling any appearance in this court will be considered unless a motion is made FIVE (5) business days in advance of the date of appearance.

### C. How to Request Appearance By Telephone at Scheduling Conference

If you wish to appear at the Scheduling Conference by telephone, you must file a motion seeking permission to appear by telephone and setting forth good cause for a telephonic appearance. No motion for any telephonic appearance will be granted unless it is filed at least FIVE (5) business days in advance of the date of appearance.

### D. Plaintiff's Duty to Notify Parties of Scheduling Conference

The plaintiff shall notify all parties who have not entered an appearance as of the date of this Order of the date and time of the Scheduling/Planning Conference set forth above.

### E. Parties' Obligations Before Scheduling Conference

1. Scheduling Order

IT IS **ORDERED** that counsel and *pro se* parties in this case are to hold a pre-scheduling conference meeting at least twenty-one (21) days before the scheduling conference pursuant to Fed. R. Civ. P. 26(f)(1) and prepare a proposed Scheduling Order in accordance with Fed. R. Civ. P. 26(f), as amended. The instructions for completing the Scheduling Order may be found on the Court's website (www.cod.uscourts.gov) with the scheduling order forms. **Please be aware that effective December 1, 2009, there are TWO forms of Scheduling Order available on the Court's website under the "Local Rules" tab: one form for non-administrative review cases and one form for cases seeking review on an administrative record. PLEASE USE THE CURRENT and CORRECT FORM FOR YOUR CASE.** Pursuant to Fed. R. Civ. P. 26(d), as amended, no discovery is to be exchanged until after the Rule 26(f) conference meeting. The parties **shall** include the following language in paragraph 8(d) of their proposed Scheduling Order in *non-administrative review* cases:

> "Other Planning or Discovery Orders: No opposed discovery motions are to be filed with the Court until the parties comply with D.C.COLO.LCivR. 7.1(A). If the parties are unable to reach agreement on a discovery issue after conferring, they shall arrange a telephone hearing with Magistrate Judge Mix regarding the issue. Both of these steps must be completed before any contested discovery motions are filed with the Court;"

No later than **five (5) calendar days** prior to the Scheduling/Planning Conference, counsel and *pro se* parties shall submit their proposed Scheduling Order in compliance with the Court's Electronic Case Filing Procedures which are also available on the Court's website. An additional copy of the proposed scheduling order is to be provided to my chambers at Mix_Chambers@cod.uscourts.gov by **e-mail attachment** with the subject line stating "proposed Scheduling Order."

Parties who are *pro se* or do not have access to the internet may obtain the scheduling order form and instructions from the Clerk's Office, Room A105, in the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado, 80294. Scheduling Orders prepared by parties not represented by counsel, or without access to electronic case filing, are to be submitted to the Clerk

of the Court on paper.

    2. Mandatory Disclosures

IT IS **FURTHER ORDERED** that on or before 14 days after the Rule 26(f) pre-scheduling conference meeting, the parties shall comply with the mandatory disclosure requirements of Fed.R.Civ.P. 26(a)(1), as amended.

### F. Miscellaneous

All out-of-state counsel shall comply with D.C.COLO.LCivR 83.3 before the Scheduling/Planning Conference.

It is the responsibility of all counsel and *pro se* parties to notify the Court of his or her entry of appearance, withdrawal of appearance, substitution of counsel, or change of address, e-mail address, or telephone number by complying with the Court's Electronic Case Filing Procedures or paper-filing the appropriate document with the Court.

The Parties are further advised that they shall not assume that the Court will grant the relief requested in any motion. Failure to appear at a court-ordered conference or to comply with a court-ordered deadline which has not been vacated by court order may result in the imposition of sanctions under Fed. R. Civ. P. 16(f).

Anyone seeking entry to the Byron G. Rogers United States Courthouse will be required to show valid photo identification. *See* D.C.COLO.LCivR 83.2B. Failure to comply with this requirement will result in denial of entry to the courthouse.

DATED: September 14, 2011 at Denver, Colorado.

                BY THE COURT:

                s/ Kristen L. Mix
                Kristen L. Mix
                United States Magistrate Judge