IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  00-cv-02403

WILLIAM B. WESSON,

     Plaintiff,

v.

HOPE MINING, MILLING AND LEASING COMPANY, a Colorado corporation,
GEORGE W. PARMER, individually,
W.W. GREY, individually,
W.C. TAGERT, individually and as the last know board of directors [sic] of the Hope Mining, Milling and Leasing Company,
W.L. GRAVES, individually and as the last know board of directors [sic] of the Hope Mining, Milling and Leasing Company,
BENJ. R. KOBEY, individually and as the last know board of directors [sic] of the Hope Mining, Milling and Leasing Company,
USA, Secretary of Agriculture, United States Forest Service,

     Defendants.
_____

**ORDER**
_____

I.     <u>INTRODUCTION</u>

     THIS MATTER is before the Court on Defendant United States' Motion for Reconsideration filed on August 11, 2011.  A response was filed on August 29, 2011, and a reply was filed on September 14, 2011.  The United States requests that the Court reconsider a ruling of Judge Miller issued by Order of July 28, 2011 (ECF No. 54) which granted a motion filed by Plaintiff to reopen this case from administrative closure.  I note that on August 2, 2011, this case was reassigned to me upon Judge Miller taking inactive senior judge status.  (ECF No. 55.)

The United States argues that the Court committed clear error in granting Plaintiff's motion to reopen for two reasons: (1) the case was automatically dismissed pursuant to a prior order, and (2) even if the case had not been automatically dismissed, clear error was committed in reopening the case because the Court did not find that Plaintiff established good cause. I address these arguments below.

## II.     BACKGROUND

As set forth in the United States' Motion for Reconsideration, this case was among a total of 53 quiet title actions under Public Law 103-255 (1994) (the "Exchange Act") that were simultaneously filed on November 30, 2000.[1] On March 27, 2001, the Court consolidated this case with 50 of the other simultaneously filed quiet title actions [hereinafter "the consolidated cases"]. On March 21, 2002, the parties of the consolidated cases filed a joint motion to administratively close all but eight of the consolidated cases. This was one of the consolidated cases for which the parties requested administrative closure. In the joint motion, the parties represented that "many and perhaps all of the issues in these [consolidated] cases can be determined by proceeding with eight separate lawsuits at this time, instead of litigating all 51 cases at once." (Civil Action No. 00-cv-02355, ECF No. 27, ¶ 1.)

On March 26, 2002, the Court issued an Order granting the parties' request in the joint motion and administratively closing all but eight of the consolidated cases.

---

[1] Under the Exchange Act, the Colorado Counties of Pitkin and Eagle exchanged approximately 1,307 acres of patented mining claim properties for a 132-acre parcel owned by the federal government. Pub. L. No. 103-255 §§ 1, 2. The legislation provided that the sole remedy for any party claiming an interest in the lands conveyed by the counties was to sue the United States under the Quiet Title Act. *Id.*, § 5(a). But, any party that files an action against the United States and does not prevail may be required to pay an amount equal to the costs and attorney's fees incurred by the United States in the defense of such action. *Id.* § 5(e).

(Civil Action No. 00-cv-02355, ECF No. 15.)  Pursuant to the order, the administratively closed cases would be "automatically dismissed" if "the parties [did] not file a motion to reopen [the] case for good cause on or before July 31, 2003." (*Id.*)

Subsequently, the parties moved for and the Court granted numerous extensions of the administrative closure of this case. (*See* Civil Action No. 00-cv-2355 at ECF Nos. 33-39, 44-45; Civil Action No. 00-cv-0403 at ECF Nos. 16-18, 23-25, 27-30.)  Each order extending the administrative closure set a deadline by which an action must be taken to reopen the case and most of the orders, including the one in this case, stated that if no action was taken the case would be automatically dismissed without further notice to the parties. (*See* Civil Action No. 00-cv-2355, ECF Nos. 34, 36, 39; Civil Action No. 00-cv-2403, ECF Nos.18, 25, 30.)

In the meantime, six out of the eight "test" cases were fully litigated.  All six litigated cases resulted in a judgment in favor of the United States.  The plaintiffs in five of the six litigated cases appealed, and all five judgments were affirmed by the Tenth Circuit.  The two cases which were not litigated (Case Nos. 00-cv-2364 and 00-cv-2394) were voluntarily dismissed with prejudice. (*See* Case No. 00-cv-2361, ECF No. 98.)  Additionally, 45 out of the original 53 simultaneously filed cases were voluntarily dismissed.  The United States asserts that the only remaining cases are this case and Case No. 00-cv-2395, which pursuant to the Court's electronic filing system appears to be administratively closed.

As noted by Judge Miller in his Order, Plaintiff argues that his case is different from the litigated cases resolved in favor of the government and similar to those that were settled. (ECF No. 54, at 2.)  He stated in his motion to reopen that he "has a

-3-

chain-of-title from the owner of the property at the time that Pitkin County issued itself a tax deed without notifying the owner of the property, a clear violation of due process." (ECF No. 45.) He further asserted that he "believes his claims are meritorious and that the possibility for resolution of this case either by settlement negotiations or by litigation to the Plaintiff's benefit is not unreasonable."

The Court's most recent order continuing the administrative closure in this case was issued on March 4, 2008, and provides:

> [T]he Court orders that the administrative closure continue until 1 September 2008. ... If the parties do not file a stipulation for dismissal with prejudice or a motion to reopen this case for good cause **on or before September 1, 2008, this case will be automatically dismissed** without prejudice.

(ECF No. 30) (emphasis added.)

The parties did not file a stipulation for dismissal nor did any party file a motion to reopen this case prior to the September 1, 2008 deadline. Shortly after her entry of appearance in this case, counsel for the United States filed a status report with the Court on February 18, 2011, noting that this case was automatically dismissed pursuant to the Court's March 4, 2008 order. (ECF No. 38.)

Subsequently, on March 11, 2011, Plaintiff filed a status report. (ECF No. 39.) In his status report, Plaintiff stated that "[d]ue in part to ... counsel's health issues during July and August 2010, and hospitalization, together with Plaintiff's current health issues, the case was not actively prosecuted by ... counsel." (*Id.* at ¶ 5.) Approximately two months later, on May 18, 2011, Plaintiff filed an opposed motion seeking to reopen this case. (ECF No. 45.) In his motion to reopen, Plaintiff did not provide any explanation for his untimeliness. On June 8, 2011, the United States filed its response opposing

Plaintiff's motion to reopen and filed, in the alternative, a motion to dismiss for failure to prosecute. (ECF Nos. 46, 47.) Plaintiff filed his reply in support of his motion to reopen on June 20, 2011. (ECF No. 50.) Again, his reply offered no explanation for his untimeliness.

The Court held a status hearing on June 21, 2011. (ECF No. 51.) At the hearing, Plaintiff's counsel stated, "I definitely am responsible for missing the date for extending the administrative closure .... [This case] just slipped through the cracks." (Transcript of Status Hearing, attached to the Motion for Reconsideration as Exhibit A at 2:20-23.)

On July 28, 2011, Judge Miller issued the Order granting Plaintiff's motion to reopen the case. (ECF No. 54.) In the Order, Judge Miller denied the United States' motion to dismiss the case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute after analyzing the appropriate factors under *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992). (*Id.* at 3-5.) That portion of the ruling is not at issue in the current Motion for Reconsideration.

Judge Miller also noted the government's argument that Plaintiff's failure to timely reopen the case means the case was automatically dismissed (ECF No. 54 at 3), but did not specifically address that argument. It appears implicit from the ruling, however, that he rejected that argument. Judge Miller also noted that Plaintiff merely argues that his case has merit "but provides no further explanation for his delay or good cause." (*Id.* at 3.) He concluded that "although good cause to reopen may not have been established, dismissal is not appropriate." (*Id.* at 4.) That was because he found that while the government sustained some prejudice from Plaintiff's failure to act promptly

due to the passage of time and personnel turnover at the relevant agencies, "the prejudice is not so undue that it merits dismissal." (*Id.*) Further, Judge Miller found that "there has been little interference with the judicial process; since the matter has been administrative closed it has little effect on the court's active docket or case load", "that a lesser sanction would be appropriate to remedy any prejudice to the defendant and to ensure that plaintiff remains engaged in this litigation going forward" and that no such sanction would be imposed since the government did not propose any sanction less than dismissal. (*Id.* at 4-5.) Finally, he found that "Plaintiff has not justified his failure to act in this regard but I conclude that the issue appears to involve negligence, not intentional acts or misconduct." (*Id.* at 4.)

III.  ANALYSIS

I first must address what standard of review applies to the United States' Motion for Reconsideration. "'The Federal Rules of Civil Procedure recognize no motion for reconsideration.'" *Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995) (quotation and internal quotation marks omitted). The court's treatment of the motion for reconsideration depends on whether the order is a final order that disposes of all claims and all parties or is an interlocutory order.

In this case, I find that the Order issued by Judge Miller is an interlocutory order, as the Order opened the case and there has not been a final judgment. *See Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1251 (10th Cir. 2011). As noted by the Tenth Circuit in *Rimbert*, court rulings are generally governed by the law of the case doctrine. *Id.* That "'doctrine posits that when a court decides upon a rule of law, that decision should

continue to govern the same issues in subsequent stages in the same case.'" *Id.* (quotation and internal quotation mark omitted).

However, the Tenth Circuit has declined to apply the law of the case doctrine "to rulings revisited prior to entry of a final judgment, concluding that 'district courts generally remain free to reconsider their earlier interlocutory orders.'" *Rimbert*, 647 F.3d at 1251 (quoting *Been v. O.K. Indus.*, 495 F.3d 1217, 1225 (10th Cir. 2007)). This is true "even when a case is reassigned from one judge to another in the same court", as here. *Id.* "'[T]he [law of the case] doctrine does not bind a judge to following rulings in the same case by another judge of coordinate jurisdiction as long as prejudice does not ensue to the party seeking the benefit of the doctrine.'" *Id.* (quotation omitted).[2]

Thus, "[w]hen a lower court is convinced that an interlocutory ruling it has made is substantially erroneous, the only sensible thing to do is to set itself right to avoid subsequent reversal". *Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981). "Courts have generally permitted a modification of the law of the case when substantially different, new evidence has been introduced, subsequent, contradictory controlling authority exists, or the original order is clearly erroneous." *Id.*

Turning to my analysis, I find that the Order reopening the case is substantially or clearly erroneous for the reasons expressed by the United States. It appears that Judge Miller's Order focused primarily on the United States' Motion to Dismiss for Failure to Prosecute and whether the relevant factors merited dismissal of the case.

---

[2] "The relevant prejudice is limited to lack of sufficient notice that one judge is revisiting the decision of a prior judge and the opportunity to be heard with respect to the new ruling." *Id.* Here, there is no risk of prejudice since Plaintiff has been notified that the government seeks reconsideration of Judge Miller's rule and has had the opportunity to respond.

While I agree with Judge Miller that dismissal is not the appropriate remedy under Fed. R. Civ. P. 41(b) for failure to prosecute, I find that Judge Miller erred in not adequately addressing or considering the other arguments by the government; namely, that this case was effectively dismissed pursuant to the March 4, 2008 Order when neither party moved to reopen the case within the stated time frame, and that the case should not be reopened because Plaintiff failed to establish good cause.

As to the government's first argument, the Tenth Circuit has squarely held that "an administrative closing order that notifies the parties that the case will be dismissed with prejudice absent action on their part within a specified period of time is sufficient to terminate a case." *Morris v. City of Hobart*, 39 F.3d 1105, 1110 (10th Cir. 1994). *Morris* further held that if no action is taken to resolve the case, the administrative closing order "matures into a final judgment" which satisfies Fed. R. Civ. P. 58. *Id.*

I find that Judge Miller clearly erred in not following the holding of *Morris*, as it directly supports the government's argument. The Court's March 4, 2008 administrative closure order specified that the case would be "automatically dismissed" absent a motion to reopen for good cause filed by September 1, 2008. Pursuant to *Morris*, because neither party took any action by the deadline, the order ripened into a final dismissal and judgment on September 1, 2008, and no further order of dismissal or judgment was required. Other cases which support my decision include *Been v. O.K. Indus., Inc.*, 398 Fed. Appx. 382, 386, 389 (10th Cir. 2010) (district court's order denying defendant's motion for a new trial and providing that amended judgment would be entered upon plaintiff's acceptance of remittitur was a conditional order that became final order upon such acceptance, "regardless of the court's failure to file a separate

judgment"*)*; *Davis v. Advocate Health Ctr. Patient Care Express*, 523 F.3d 681, 683 (7th Cir. 2008) (district court's order giving the plaintiff twenty-five days to pay a filing fee and "not[ing] that if [he] failed to comply with that deadline, his suit would be dismissed" became final order terminating the case when plaintiff did not pay the fee within the prescribed deadline, even though no final judgment was issued) (cited with approval in *Been*); *Festa v. Local 3 Int'l Bhd. of Elec. Workers*, 905 F.2d 35, 36-37 (2d Cir. 1990) (a contingent dismissal of an action providing leave to replead becomes a final order upon expiration of the time period given for amendment); and *Medical Protective Co. v. Pang*, 271 F.R.D. 624, 625-26 (D. Ariz. 2010) (conditional order that case would be automatically dismissed if a motion was not filed by a set deadline was a self-executing final order).

I also agree with the United States that clear error was committed in reopening this case because Plaintiff did not show good cause, as required by D.C.COLO.LCivR 41.2. Judge Miller acknowledged in his Order that good cause may not have been shown, but then allowed the case to be reopened based on the *Ehrenhaus* factors he considered, including whether the government was prejudiced by the reopening of the case. That inquiry was relevant only, however, as to whether dismissal of the case was appropriate. It was not the proper inquiry for reopening a case from administrative closure.

The Tenth Circuit has held that a "good cause" showing "requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1205 n. 4 (10th Cir. 2006). In this case, I agree with Judge Miller in

finding that Plaintiff failed to make such a showing. Indeed, Plaintiff's counsel admitted that she was not diligent in following the deadlines in that she stated the case "just slipped through the cracks." (Ex. A to Motion for Reconsideration, at 9.) Allowing the case to be reopened under those circumstances was also, in my opinion, clear error.

Based on the foregoing, I find that Judge Miller clearly erred when he granted the Plaintiff's motion to reopen the case. This case was effectively dismissed in 2008 when neither party took action to reopen the case within the applicable deadline. Additionally, even if the case was not dismissed, Plaintiff failed to establish good cause for reopening the case. Accordingly, it is

ORDERED that Defendant United States' Motion for Reconsideration filed August 11, 2011 (ECF No. 60) is **GRANTED**. In accordance therewith, it is

ORDERED that the Order on Motion to Reopen and Motion to Dismiss is **RESCINDED** to the extent that it granted Plaintiff's Request for Change of Status from Administrative Closure to Active Case. That motion by the Plaintiff, *i.e.*, Plaintiff's Request for Change of Status from Administrative Closure to Active Case is now **DENIED**. Finally, it is

ORDERED that since neither party took action to reopen the case within the deadline set in the Court's Order of March 4, 2008 (ECF No. 30), this case is now **DISMISSED WITHOUT PREJUDICE** as specified in that Order.

Dated: December 21, 2011

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge